UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JOSE GOMEZ-ESCOBEDO,            )   No. ED CV 05-00864-VBK
                               )
              Plaintiff,        )   MEMORANDUM OPINION
                               )   AND ORDER
     v.                        )
                               )   (Social Security Case)
JO ANNE B. BARNHART,            )
Commissioner of Social         )
Security,                      )
                               )
              Defendant.       )
_____)

     This matter is before the Court for review of the decision by the
Commissioner of Social Security denying Plaintiff's application for
disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have
consented that the case may be handled by the Magistrate Judge.  The
action arises under 42 U.S.C. §405(g), which authorizes the Court to
enter judgment upon the pleadings and transcript of the record before
the Commissioner ("AR").  The parties have filed their pleadings and
supporting memoranda, and the Commissioner has filed the certified AR.
After reviewing the matter, the Court concludes that the decision of
the Commissioner must be reversed and the matter remanded for further
hearing.

1    Plaintiff's first issue is that the Administrative Law Judge

2  ("ALJ") did not give appropriate weight to the opinion of Plaintiff's

3  treating physician, Dr. Nevarez.  The Court agrees.

4    In her written decision, the ALJ addressed Dr. Nevarez' opinions

5  as to Plaintiff's functional abilities, as set forth in a form

6  entitled "Lumbar Spine Residual Functional Capacity Questionnaire."

7  (AR 221-224, 16.)  The ALJ disagreed with Dr. Nevarez' conclusions

8  that Plaintiff had an inability to sit more than two hours in an

9  eight-hour day, to stand and walk more than four hours in an eight-

10 hour day, that he could not lift or carry more than ten pounds

11 occasionally, that he was unable to bend, and that he would be absent

12 more than three times a month. (AR 16.)   The stated reasons for

13 rejecting Dr. Nevarez' conclusions are set forth in the decision:

14 "That these restrictions appear to be based on the [Plaintiff's]

15 subjective complaints rather than objective findings.  Indeed, there

16 has not been any documented evidence of any significant radicular

17 symptoms.  His x-rays showed essentially mild findings." (AR 16.)  The

18 ALJ also cited the contrary opinion of the consultative examiner who,

19 she noted, determined that Plaintiff had essentially full motion in

20 all areas. (AR 16.)[1]

21    The law is clear that an ALJ may reject the opinion of a treating

22 physician, but this rejection must be based on findings which set

23 forth specific and legitimate reasons based on substantial evidence in

24 the record.   See Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.

25 1987)(citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).)

26 _____

27     [1]   The ALJ does not identify the consultative examiner in her
   decision.   Apparently, she is referring to the internal medicine
28 consultative evaluation performed on December 13, 2002 by Steven E.
   Gerson, D.O. (AR 167-171.)

In her decision, the ALJ primarily based her rejection of Dr. Nevarez' conclusions on her view that these conclusions were based on primarily subjective complaints.  The record, however, is replete with substantial clinical and objective findings which corroborate Dr. Nevarez' conclusions.  Moreover, these clinical findings are not isolated but reflect examinations of Plaintiff not only by Dr. Nevarez, but by other qualified medical providers, over a range of time.  These objective findings are well-summarized by Plaintiff in the Joint Stipulation ("JS"), at JS 3-5, and the Court has independently reviewed those portions of the record, which support Plaintiff's contentions.  Briefly, these include a neurologic examination by Dr. Gulaya, performed on May 1, 2000 (AR 116); Dr. Gerson's examination of December 13, 2002, previously noted by the Court (AR 169-170); an MRI of Plaintiff's lumbar spine performed on May 10, 2000 (AR 112-113); another MRI of Plaintiff's cervical spine done on June 5, 2000 (AR 110), x-rays of Plaintiff's lumbosacral spine dated January 23, 2003 (AR 210); and finally, an MRI of Plaintiff's lumbar spine done on April 30, 2003 (AR 198-199).  In view of these consistent clinical findings, spanning a period of three years, it will not do for the ALJ to simply rely upon a one-time consultative examination to support a wholesale rejection of the treating physician's opinion.  Moreover, the ALJ's additional comment that Plaintiff's x-rays showed essentially "mild findings" (AR 16) does not appear to be supported by the underlying evidence itself.

The Court also notes that Dr. Nafoosi testified at the administrative hearing as a medical expert ("ME"). (AR 280-302, at 293.)  Dr. Nafoosi's interpretation of the same medical evidence surveyed by the Court in this Opinion led him to conclude that

1    Plaintiff has severe impairments in these areas. (AR 293.)   Dr.
2    Nafoosi, however, came to a different conclusion regarding Plaintiff's
3    functional abilities (AR 294), which the ALJ adopted in their entirety
4    in her decision. (AR 19, Finding 6.)   Yet, it is unclear to the Court
5    why Dr. Nafoosi's interpretation of the record should carry more
6    weight than the conclusions of Plaintiff's treating physician.   The
7    ALJ's decision gives no indication why she adopted the ME's functional
8    assessment rather than that of the treating physician.   Moreover,
9    there is a logical inconsistency in the ALJ's decision, since it
10   rejects the treating physician's functional assessments because they
11   are assertedly based on Plaintiff's subjective complaints, but adopts
12   the ME's functional assessment, although it is based on the same
13   objective evidence relied on by the treating physician.

14        For the foregoing reasons, the Court finds merit in Plaintiff's
15   first issue, and will remand the case for further hearing consistent
16   with this decision.

17        Plaintiff's second issue is that the ALJ did not provide specific
18   and legitimate reasons to reject his subjective pain complaints.
19   Again, the Court agrees, and finds this issue to be meritorious.

20        Absent anything else, the Court's decision rejecting the ALJ's
21   rationale for discarding the opinion of his treating physician would
22   necessitate a reevaluation of Plaintiff's credibility on remand.   But
23   the Court will go further and provide guidance during the remand
24   process. First, the ALJ's rejection of Plaintiff's credibility because
25   he has traveled to Mexico up to four times a year is unsupported by
26   the record. (See AR at 17.)   The testimony at the administrative
27   hearing regarding Plaintiff's travel to Mexico is brief and
28   inconclusive with regard to providing any indicia of evidence

4

1   contradicting Plaintiff's subjective pain complaints. (See AR at 285.)
2   The ALJ's conclusion that Plaintiff's travel is accomplished "without
3   any apparent difficulty" (AR 17) is echoed by the Commissioner in the
4   JS. (See JS at 9.)   This reasoning, however, is nothing but sheer
5   speculation.

6        Similarly, the ALJ's interpretation of Plaintiff's written
7   reports and testimony to substantiate her finding that he does all his
8   own activities of daily living ("ADLs") (see AR at 17) is, again, a
9   misreading of the evidence.   The only ADL which the ALJ bothered to
10  address during the hearing was a general question phrased as, "And
11  what else do you do?" (AR 288), to which Plaintiff replied that he
12  tried to walk as much as he could, but that he must stop after walking
13  four blocks, and then return. (See, Id.)   With regard to his ability
14  to complete other ADLs, the ALJ interpreted Plaintiff's statements on
15  an "Exertional Daily Activities Questionnaire Since Your Disability
16  Began" form (AR 81-83) by apparently only making reference to
17  Plaintiff's statement that he is able to care for his own needs
18  without assistance, and that he cooks. (See AR at 81.)   The form,
19  however, provides more detail on the specific questions contained
20  within it.   For example, in the same form, Plaintiff indicated he
21  can't carry things because of the pain; that he shops every two weeks,
22  and that he now "can't do a lot o [sic] things I used to do." (AR at
23  83.)   Plaintiff's subjective descriptions would not seem to be
24  inconsistent with the weight of medical evidence previously referred
25  to in this decision.

26       The next stated reason contained in the decision can be generally
27  described as a reference to conservative treatment, and the ALJ also
28  notes that Plaintiff is not described as a surgical candidate (AR 17);

however, Dr. **Nevarez** wrote a letter on May 7, 2003 addressed to "Adult Disability Office" in which he states, in part, "The results of his MRI show severe back disease including severe spinal stenosis.  <u>It is very likely that he will in fact have surgery</u>." (AR 226, emphasis added.)

The ALJ's statement that the medical record lacks evidence of significant side effects is, simply, incorrect.  The Court will not again make reference to medical records which support the opposite conclusion.

For the foregoing reasons, the Court finds that the ALJ's credibility assessment is not supported by substantial evidence.  In fact, none of the stated reasons are supported by the record.

The Court finds this to be a close case for award of benefits as against remand for further hearing.  See <u>Regennitter v. Commissioner</u>, 166 F.3d 1294, 1300 (9th Cir. 1999).  The Court declines to award benefits, however, based on its conclusion that Plaintiff's case should be reexamined in a new hearing held based on the guidance provided by this decision.

For the foregoing reasons, the Commissioner's decision is reversed, and the matter is remanded for further hearing.

**IT IS SO ORDERED.**

DATED: June 26, 2006

                                        /s/
                                 VICTOR B. KENTON
                                 UNITED STATES MAGISTRATE JUDGE